```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF9 MASTER PARTICIPATION TRUST, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 17-10616-WGY |
| DANYEL G. DEDOMING, JACOB D. DEDOMING, JACOB C. CLINE, ANY and ALL OCCUPANTS, | |
| Defendants. | |

YOUNG, D.J.                                           April 10, 2018

**MEMORANDUM OF DECISION**

Here, counsel for the Defendants has maintained a gallant rear guard action seeking to avoid foreclosure of his clients' interests in certain real property.

Having played out the game, his final move is to claim that the citizenship of the LSF9 Trust itself is, or may be, Massachusetts. If so, he maintains, diversity of citizenship is lacking, see 28 U.S.C § 1332(a), and this Court lacks subject matter jurisdiction to proceed further.

The issue here is thus whether, for purposes of establishing diversity jurisdiction, the citizenship of a

business trust is determined by looking to the citizenship of its trustees or that of its beneficiaries or members.

In a traditional trust, the relevant citizenship is that of the trust's trustee(s). In a business trust, citizenship depends on two conditions:

First, whether the trustee is a corporation or is an unincorporated entity. A corporation ought be considered a citizen of the state where it is incorporated or has its principal place of business. 28 U.S.C. § 1332(c). If the entity is not incorporated, then "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990) (quoting Chapman v. Barney, 129 U.S. 677, 682 (1889)).

Here, the Plaintiff, U.S. Bank Trust, N.A., is incorporated with its principal place of business in Delaware.

Second, it is helpful to determine whether it is the trustee that is the party to the litigation or whether it is the trust itself. In Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012 (2016), the Supreme Court affirmed the ruling of the United States Court of Appeals for the Tenth Circuit (Conagra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d 1175 (10th Cir. 2015)), which articulated the following rule:

> When a trustee is a party to litigation, it is the trustee's citizenship that controls for purposes of diversity jurisdiction . . . . When the trust itself

[2]

is party to the litigation, the citizenship of the
trust is derived from all the trust's "members."

Conagra Foods, 776 F. 3d at 1181. This is the rule of Navarro Savings Ass'n v. Lee, 446 U.S. 458 (1980), where the Supreme Court held that individual trustees could "sue in their own right, without regard to the citizenship of the trust beneficiaries." Id. at 465-66.

Here, U.S. Bank Trust, N.A. is acting solely in its capacity as trustee of LSF9 Master Participation Trust. The trustee is acting for the trust in bringing and maintaining this action. Thus, the citizenship of U.S. Bank Trust, N.A., as trustee, is controlling for the purposes of the diversity analysis. See U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc., 205 F. Supp. 3d 386, 411 (S.D.N.Y. 2016).

This Court has diversity jurisdiction in the premises. Checkmate.

The foreclosure is in all respects proper. The parties agree that the damages on the use and occupancy claim amount to $1800.00. The order proposed by the Plaintiff shall enter.
**SO ORDERED.**

WILLIAM G. YOUNG
DISTRICT JUDGE